UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BARRETT BOESEN,<br><br>                 Plaintiff,<br>   v.<br><br>UNITED SPORTS PUBLICATIONS, LTD.,<br><br>                 Defendant. | Case No.: 2:20-CV-1552<br><br>Hon. Allyne R. Ross |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

Moish E. Peltz
Paul M. O'Brien
Falcon Rappaport & Berkman PLLC
1185 Avenue of the Americas, Third Floor
New York, New York 10036

265 Sunrise Highway
Suite 50
Rockville Centre, New York 11570
(516) 599-0888
mpeltz@frblaw.com
pobrien@frblaw.com

*Counsel for Defendant*
*United Sports Publications, LTD*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 1

    POINT I: PLAINTIFF'S ARGUMENT AGAINST DEFENDANT'S REQUEST FOR ATTORNEY'S FEES FAILS THE FOGERTY TEST ....................................................... 2

    POINT II: THE COPYRIGHT ACT HAS EVOLVED IN THE AGE OF SOCIAL MEDIA AND CASELAW SUPPORTS DEFENDANT'S ARGUMENT ....................................... 3

    POINT III: PLAINTIFF'S INFRINGEMENT SUIT WAS IMPROPERLY MOTIVATED ................................................................................................................................... 4

    POINT IV: AN AWARD OF ATTORNEYS' FEES IS PROPER UNDER THE COPYRIGHT ACT ................................................................................................................. 6

    POINT V: PLAINTIFF FAILS TO DEMONSTRATE WHY DEFENDANT'S RECOVERY SHOULD BE LIMITED TO 45 HOURS OF ATTORNEYS' FEES .......... 8

CONCLUSION ...................................................................................................................... 10

# Table of Authorities

**Cases**

*Agence France Presse v. Morel*, No. 10-CV-2730 (AJN), 2015 WL 13021413, at *3 (S.D.N.Y. Mar. 23, 2015), *aff'd sub nom. Presse v. Morel*, 645 F. App'x 86 (2d Cir. 2016) ...................... 4

*Boesen v. American Broadcasting Companies, Inc.* (S.D.N.Y., February 13, 2020) (1:20-cv-01270) ........................................................................................................................... 4, 9

*Boesen v. Dimoro Enterprises, LLC*, No. 12-CV-354 (FJS/CFH), 2020 WL 5891563, at *1 (N.D.N.Y. Oct. 5, 2020) .................................................................................................... 4, 9

*Boesen v. Insider, Inc.*, (S.D.N.Y., May 25, 2020) (1:20-cv-04028-JPO) ................................ 4, 9

*Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 593 (6th Cir. 2008) .......................... 8

*Clark v. Transp. Alts., Inc.*, No. 18-cv-9985 (VM), 2019 WL 1448448 (S.D.N.Y. Mar. 18, 2019) ................................................................................................................................................ 4

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) ..................................................... 1, 2, 4, 5

*Jianmin Jin v. Shanghai Original, Inc.*, No. 16-cv-5633 (ARR) (JO), 2020 WL 4783399, at *11 (E.D.N.Y. Aug. 18, 2020) ................................................................................................... 4, 8

*Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) ........................................ 1, 7

*Lotus Dev. Corp. v. Borland Int'l, Inc.,* 140 F.3d 70, 75 (1st Cir.1998) ..................................... 4, 7

*Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001) ................................ 4, 7

*Rock v. Enfants Riches Deprimes, LLC*, No. 17-CV-2618 (ALC), 2020 WL 468904, at *5 (S.D.N.Y. Jan. 29, 2020), *reconsideration denied sub nom. Rock v. Enfants Riches Deprimes, LLC.*, No. 1:17-CV-2618 (ALC), 2020 WL 2793026 (S.D.N.Y. May 29, 2020) ............... 4, 10

*Rudkowski v. MIC Network, Inc.*, No. 17-cv-3647 (DAB), 2018 WL 1801307, at *3–4 (S.D.N.Y. Mar. 23, 2018) ........................................................................................................................ 4

*Torah Soft Ltd. v. Drosnin*, 00 Civ. 5650 (JCF), 2001 WL 1506013, at *15 (S.D.N.Y. Nov. 27, 2001) ................................................................................................................................. 4, 6

*Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661, at *20 (S.D.N.Y. June 26, 2020) ................................................................................................................... 10

*Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98 CIV. 7128 (BSJ), 2003 WL 1701904, at *5 (S.D.N.Y. Mar. 31, 2003) .......................................................................... 4, 5

*Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570 (S.D.N.Y. 2020) ............................ 2, 3, 4

*Ward v. Consequence Holdings, Inc.*, No. 18-CV-1734 (NJR), 2020 WL 2219070, at *4 (S.D. Ill. May 7, 2020) ..................................................................................................................... 6, 10

*Yang v. Mic Network, Inc.*, No. 18-cv-7628 (AJN), 2020 WL 6562403 (S.D.N.Y. Nov. 9, 2020) 3, 4, 6

**Statutes and Rules**

17 U.S.C. § 505 ................................................................................................................. 1, 2, 4, 11

28 U.S.C. § 1927 ........................................................................................................................ 11

Fed. R. Civ. P. 54(d) .............................................................................................................. 1, 2, 11

Defendant, United Sports Publications, LTD ("Defendant") respectfully submits this memorandum of law in support of its motion, pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d), for an award of attorneys' fees, as the prevailing party in the above-captioned action.

## PRELIMINARY STATEMENT

Nothing stated in Plaintiff's opposition disturbs Defendant's contention that this is exactly the type of case where the Court should exercise its discretion to award Defendant its attorneys' fees. Plaintiff's opposition does not seriously challenge that Plaintiff and his attorney's conduct *in this action* was unreasonable and improperly motivated. In fact, Plaintiff's opposition does not even discuss several material facts which evidenced the unreasonable way in which Plaintiff and his firm litigated this case, including that the image at issue was already widely shared on Plaintiff's website and social media accounts, and counsel's failure to make reasonable settlement offers.

An award of Defendant's fees will advance the purposes of the Copyright Act because it will deter Plaintiff, his counsel, and others from pursuing similar groundless litigation in the future, and thereby protect Defendant and other news reporting organizations from fear of spurious legal threats derived from their obvious fair use of news generated in social media. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).

For the reasons demonstrated below, this Court should grant Defendant's motion and award attorneys' fees under 17 U.S.C. § 505 and Rule 54 of the Federal Rules of Civil Procedure.

## ARGUMENT

Plaintiff fails to demonstrate that under the *Fogerty* factors that Defendant is not entitled to seek an award of attorneys' fees under 17 U.S.C. § 505 and Rule 54 of the Federal Rules of Civil Procedure. *Fogerty,* 510 U.S. 517 at 533, n.19.

# POINT I: PLAINTIFF'S ARGUMENT AGAINST DEFENDANT'S REQUEST FOR ATTORNEY'S FEES FAILS THE FOGERTY TEST

Plaintiff asserts that his claim was not brought in bad faith nor frivolous because this Court determined that the four *Fogerty* factors of fair use were "close calls," apparently evidenced by caselaw dealing with transformative "composite screenshots," and the issues are "hotly contested by photographers." [Plaintiff's Memorandum of Law Dk. #37 p. 13]. Plaintiff's supposed factual support begins with three false premises. First, that the Photograph at issue should be analyzed as akin to a "composite screenshot." Second, that the photograph at issue was "timely registered" in the United States Copyright Office. And third, that Defendant's fair use was not obvious. All three of these points should be considered factually incorrect by this Court.

From the onset of this litigation, or at least by the time Plaintiff filed the Amended Complaint, it should have been apparent that Defendant's use of the Photograph as embedded in an Instagram post on its website was fair use. The Southern District of New York rendered a decision in *Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570 (S.D.N.Y. 2020) on June 1, 2020. Plaintiff's counsel's arguments, briefs, and pleadings in *Walsh* were almost identical to the arguments asserted in this case. United Sports Publications, filed its answer in this case on July 15, 2020. Plaintiff filed his Amended Complaint on September 22, 2020. The decision in *Walsh* held that "embedding an Instagram post that contained a copyrighted photograph in a news story about the post itself was more akin to reporting on a copyrighted work than reporting on the contents of such a work." [Dk #35 p. 3-4]; 464 F. Supp. 3d at 580–82. From June 1st through September 22nd, Plaintiff had the opportunity to withdraw his complaint (or engage in reasonable settlement discussions with Defendant) based on the ruling in *Walsh* but failed to do so. Instead, Plaintiff reasserted those claims in the Amended Complaint. Furthermore, Defendant conveyed a reasonable offer of judgment in that time frame, to which Plaintiff did not respond or counter-offer.

Plaintiff has continuously argued that the motion for reconsideration has not yet been decided in *Walsh*, and thus, the decision rendered in that case cannot stand for the proposition that embedding an Instagram post in an article discussing the Instagram post is fair use. *See*, Dk. 37 p. 11 ("While Defendant prevailed on its fair use defense, it is not so obvious that ripping off photographs from Instagram qualifies as transformative fair use."). However, Plaintiff's failure to accept the rationale leading to this Court's Order, and the outcome of those motions, does not diminish the unchallenged facts in this case which make it an even more obvious example of fair use as compared to *Walsh*. The improper motivation factor is addressed further below.

### POINT II: THE COPYRIGHT ACT HAS EVOLVED IN THE AGE OF SOCIAL MEDIA AND CASELAW SUPPORTS DEFENDANT'S ARGUMENT

While the modern use of social media may certainly present novel copyright challenges, including questions of underlying liability (which were never reached in this case), nothing about the *fair use* defense was extraordinary novel in this case. Plaintiff argues that if a Plaintiff asserts a novel or complex argument, then a winning Defendant should not be awarded attorneys' fees in defense of a copyright action. [Dk. #37 p. 13-15]. To support the idea that issues surrounding fair use and social media are novel and complex, Plaintiff cites ten-year-old journal articles and cases. [Dk. #37 p. 13-15]. However, even Defendant's own counsel has lost on this very issue on at least three separate occasions. *Walsh*, *Yang*, *Clark*, and this Court have determined that a defendant's use was fair, transformative, and non-infringing. *Walsh*, 464 F. Supp. 3d 570 at 586; *Yang v. Mic Network, Inc.*, No. 18-cv-7628 (AJN), 2020 WL 6562403 (S.D.N.Y. Nov. 9, 2020); *Clark v. Transp. Alts., Inc.*, No. 18-cv-9985 (VM), 2019 WL 1448448 (S.D.N.Y. Mar. 18, 2019). Further, countless law journal articles, legal blogs, and other experts in the field have expounded on the role of the fair use doctrine in social media since 2010. Moreover, Plaintiff asserts that because in *Yang* and *Rudkowski v. MIC Network, Inc.*, No. 17-cv-3647 (DAB), 2018 WL 1801307, at *3–4 (S.D.N.Y. Mar. 23, 2018), "the Second Circuit has yet to decide such thorny issues…there would be

3

no justification to penalize the photographer for bringing his claim." [Dk. 37 p. 16]. Plaintiff's counsel's arguments highlight that the fair use at issue here is no longer novel or unsettled.

Further, Plaintiff consistently misrepresents the underlying facts in this case. Plaintiff once again categorizes the Instagram post here, as a "composite screenshot, consisting of both a pictorial work and literary work." [Dk. #37 p. 15]. However, *Walsh* and this Court determined that the issues presented involved an *embedded* Instagram post which were subjects of news stories about the Instagram post itself. *Walsh*, 464 F. Supp. 3d 570 at 586; Order, at *15. Even if the Photograph in this case was viewed as a composite screenshot, its use in a news report about Wozniacki's retirement would be transformative. *See*, *Yang*, at *6. Therefore, the issues before this Court regarding fair use of embedded Instagram posts are not so novel and unsettled as to prevent Defendant from obtaining attorneys' fees under Section 505 of the Copyright Act.

Even if this Court views the issues presented here as novel, Defendant should still be awarded attorneys' fees for its defense of Plaintiff's claims. "Because copyright jurisprudence is equally served by the delineation of meritorious defenses, as by theories of liability, '[p]revailing plaintiffs and prevailing defendants are to be treated alike.'" *Agence France Presse v. Morel*, No. 10-CV-2730 (AJN), 2015 WL 13021413, at *3 (S.D.N.Y. Mar. 23, 2015), *aff'd sub nom*. *Presse v. Morel*, 645 F. App'x 86 (2d Cir. 2016) (*quoting*, *Fogerty*). "Thus a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty*, at 527.

### POINT III: PLAINTIFF'S INFRINGEMENT SUIT WAS IMPROPERLY MOTIVATED

Plaintiff has failed to significantly dispute the nine separate claims Defendant made demonstrating Plaintiff's (and counsel's) improper motivation. Plaintiff contends his suit was properly motivated because Plaintiff's counsel serves a public interest by bringing thousands of copyright lawsuits each year and the substantial number of cases filed by Plaintiff's counsel

4

highlights his "bona fide commitment to developing law" for the establishment of a market for celebrity photographs. [Dk. #37 p. 18-20]. Courts have found that when a "[p]laintiff's conduct was nothing more than an obvious effort to use the Copyright Act to secure payment from Defendants for their fair use [of copyrighted material], the Plaintiff is improperly motivated. *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98 CIV. 7128 (BSJ), 2003 WL 1701904, at *5 (S.D.N.Y. Mar. 31, 2003).

Plaintiff failed to explains his rationale for (i) failing to make a pre-filing demand on Defendant; (ii) sharing the Photograph on Plaintiff's own social media accounts; (iii) failing to make a DMCA claim with Instagram; (iv) failing to request Ms. Wozniacki remove the Photograph directly; (v) bringing a coordinated strike against multiple news outlets that used and/or embedded the Photograph; (vi) requesting an excessive settlement fee of $25,000; (vii) ignoring Defendant's Rule 68 Offer of Judgment; and (viii) refusal to consent to Defendant's request for a stay pending a ruling on the Defendant's motion to dismiss. Plaintiff states that he may not have been *obligated* to act differently. But that is not the point. Instead, those actions evidence improper motive.

"[A] party that knowingly gambles on an unreasonable legal theory in order to achieve a secondary gain – in this case, the leveraging of a settlement – is indeed improperly motivated." *Torah Soft Ltd. v. Drosnin*, No. 00-CV-5650 (JCF), 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001). Plaintiff's request of $25,000 as a settlement fee for use of a Photograph that more than quadruples any potential licensing fee for a twenty-year-old Photograph (not selected by Defendant) exemplifies Plaintiff's improper motivation. Plaintiff was provided with an opportunity to settle this case for more than the fair market value of the license of the Photograph and yet, failed to agree to such settlement terms. [Dk # 32 p.7-9]. Thus, an award of attorneys' fees will not discourage plaintiffs with cognizable claims of copyright infringement from bringing suit but may ward off

5

plaintiffs like Boesen and Plaintiff's counsel from bringing unmeritorious suits, or at the very least pursuing them unreasonably.

Furthermore, it is unclear why Plaintiff, a domiciliary of Denmark, "seeks to vindicate the public interest by ensuring the rights of individual photographers are protected" under United States law [Dk. #37 p.18]. Interestingly, Plaintiff's counsel's client in *Yang* had identical motivations.[1] 2020 WL 6562403 [Dk. #34 p. 15]. Plaintiff's counsel characterizes his persistent and duplicative litigation strategy as a bona fide commitment to developing the law, other courts have characterized this very same behavior as an "example of the worst kind of lawyering." *Ward v. Consequence Holdings, Inc.*, No. 18-CV-1734 (NJR), 2020 WL 2219070, at *4 (S.D. Ill. May 7, 2020).

Furthermore, any assertion that Plaintiff's counsel is motivated *in this case* by a desire to establish a licensing market for celebrity photographs is nonsensical as Plaintiff freely shared the image on his website and social media accounts. Moreover, various markets like Getty Images still exist to facilitate such transactions between photographers and potential licensees. Additional protections are in place for photographers under DMCA and social media sites' terms of use, to which Plaintiff did not avail himself. Plaintiff's failure to even explain attempt justification of his litigation behavior exemplifies the need for an award of attorneys' fees. *See Felske v. Hirschmann*, No. 10 Civ. 8899 (RMB), 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them.")

**POINT IV: A FEE AWARD IS PROPER UNDER THE COPYRIGHT ACT**

Plaintiff's introduction prominently cites a block quote from *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 140 F.3d 70, 75 (1st Cir.1998). However, the Second Circuit has expressly considered this quote and then provided caution in direct contravention to Plaintiff's argument:

---

[1] "Plaintiff's claim is properly motivated because this lawsuit seeks to vindicate the public interest by ensuring that the rights of individual photographers are protected against the corporate entities which seek to exploit their property without authorization"

> This is not to say, however, that a finding of objective reasonableness necessarily precludes the award of fees. In an appropriate case, the presence of other factors might justify an award of fees despite a finding that the nonprevailing party's position was objectively reasonable. *See Matthews v. Freedman*, 157 F.3d 25, 29 (1st Cir.1998) ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable.").

*Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001).

Thus, even if this Court finds that Plaintiff acted reasonably on the merits, the Court has before ample evidence to conclude that Plaintiff or his law firm should still be liable for Defendant's attorney's fees. Defendant has demonstrated uncontroverted evidence that *this case* was litigated unreasonably by Plaintiff. *See Kirtsaeng*, 136 S. Ct. at 1985 (holding that courts must make a "particularized, case-by-case assessment" to determine whether to award fees and costs).

Plaintiff's argument that "[i]t generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim" is again limited by the very next line in *Bridgeport Music, Inc.*: "[y]et, other than being a prevailing party under the Copyright Act, there is no single factor that must weigh in favor of an award of fees and costs – i.e., no factor is a necessary condition." *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 593 (6th Cir. 2008). Thus, as the prevailing party, Defendant does not actually need to prove *any* of the *Fogerty* factors.

However, Plaintiff's assertion that "an award of attorneys' fees would only encourage commercial publishers to expropriate composite screen shots from a major celebrity's social media account rather than engage in their own newsgathering efforts," is misleading and again misconstrues Defendant's actions. [Dk. #37 p. 22]. Defendant, like other news reporting organizations, should be permitted to fairly use primary source documents, like Instagram posts, to reasonably report on news created by that post. The purpose of the Copyright Act and First Amendment will absolutely be served by a fee award which deters copyright plaintiffs from unfairly targeting already financially strained news reporting organizations.

## POINT V: PLAINTIFF FAILS TO DEMONSTRATE WHY DEFENDANT'S RECOVERY SHOULD BE LIMITED TO 45 HOURS OF ATTORNEYS' FEES

"Both the Second Circuit and the Supreme Court have held that the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Jianmin Jin v. Shanghai Original, Inc.*, No. 16-cv-5633 (ARR) (JO), 2020 WL 4783399, at *11 (E.D.N.Y. Aug. 18, 2020) (internal citations omitted). Plaintiff, *ipse dixit*, states that Defendant's recovery should be limited to fees expended for a maximum of 45 hours of work. But Plaintiff has not specifically contested that Defendant's counsel's contemporaneously recorded its time entries, and has not challenged any particular time entry, billing rates, hours expended for particular tasks, or distribution of work between partners and junior staff (with the junior staff accounting for a significant percentage of hours expended). Thus, fees requested by Defendant are presumptively reasonable.

Plaintiff states that the hours "allegedly expended by defense counsel in this early-stage action was almost as many hours as Plaintiff's undersigned counsel expended in taking an entire case to bench trial." [Dk. #37 p. 24]. However, given the volume of cases Plaintiff's counsel has pending, those hours are not comparable and in fact only further support a fee award.

Plaintiff's counsel operates at a scale that cannot be readily duplicated by defense counsel in this District. Plaintiff's counsel purposefully seeks out this asymmetry. The scales are tilted against defendants who must hire counsel who will likely require an extraordinary amount of time to competently defend claims which Plaintiff's counsel can quickly generate once and then copy and paste with relatively less effort. In fact, Plaintiff's counsel presumptively allocated the costs of filing the Complaint *in this case* among the three other identical cases Plaintiff filed at around the same time (not to mention their other motion papers including Plaintiff's very own opposition to this fee motion). *See e.g.*, *Boesen v. Dimoro Enterprises, LLC*, No. 12-CV-354 (FJS/CFH), 2020 WL 5891563, at *1 (N.D.N.Y. Oct. 5, 2020); *Boesen v. Insider, Inc.*, (S.D.N.Y., May 25, 2020)

(1:20-cv-04028-JPO); *Boesen v. American Broadcasting Companies, Inc.* (S.D.N.Y., February 13, 2020) (1:20-cv-01270). An alternative fee arrangement resulting in a fee award to a prevailing defendant is in an entirely proper and proportionate response to Plaintiff's litigation tactics.

Furthermore, Plaintiff failed to comment on the itemized bill filed by Defendant. If Plaintiff viewed the itemized bill, he would see that the case was staffed efficiently through the delegation of tasks to junior attorneys and staff with significantly lower rates than partners at the firm. Plaintiff has failed to explain why Defendant's counsel's efficient use of resources should lead to a reduction in the recovery of attorneys' fees. Indeed, other courts in the Second Circuit have granted fee awards against plaintiff's counsel in similar gross dollar amounts as what is requested here. See *Rock v. Enfants Riches Deprimes, LLC*, No. 17-CV-2618 (ALC), 2020 WL 468904, at \*5 (S.D.N.Y. Jan. 29, 2020), *reconsideration denied sub nom. Rock v. Enfants Riches Deprimes, LLC.*, No. 1:17-CV-2618 (ALC), 2020 WL 2793026 (S.D.N.Y. May 29, 2020) (defendant requested over $160,0 in fees through summary judgment, with Court granting $100,008,13 and required LLF to pay $10,000 of that fee award.); *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661, at \*20 (S.D.N.Y. June 26, 2020) (but for counsel's pro bono representation, "fees would have come to $84,435 and costs did come to $1,423.99, for a total of $85,858.99" based on counsel's hourly rate of $855 and his associate's hourly rate of $420); *Ward*, 2020 WL 2219070, at \*4 (granting defendant $10,000 in costs and "fees from Mr. Liebowitz and the Liebowitz Law Firm, jointly and severally.").

Finally, Plaintiff mischaracterizes Defendant's alternative fee arrangement as *pro bono* legal services. As transparently disclosed by Defendant, the representation agreement included the following provisions, "(i) a reduced up-front retainer fee, (ii) that Defendant carried advertisements for undersigned counsel's firm in its publications in relative proportion to the value of legal fees incurred, and (iii) that Defendant and undersigned counsel would share in the success of any

9

attorney's fees recovered." [Dk. #32 p. 11-12]. The value of legal work expended by Defendant's counsel was properly calculated to ensure Defendant provides its counsel with the proper measure of advertisements. Although Plaintiff purports to value a "fully functioning licensing market for commercial use of celebrity photographs" it completely writes off any value of Defendant's news media advertisements. Defendant's calculation of fees is proper and should be awarded in full by the Court.

## CONCLUSION

Based on the foregoing, Defendant is entitled to an award of its attorneys' fees pursuant to 17 U.S.C § 505 and Rule 54 of the Federal Rules of Civil Procedure in the amount of $48,347.50, for other reasonable fees incurred by Defendant subsequent to the filing of this motion,[2] and for such other relief the Court determines is just and proper.[3]

Respectfully submitted,

/s/ Moish E. Peltz
**Falcon Rappaport & Berkman, PLLC**
By: Moish E. Peltz (MP3333)
Paul M. O'Brien (PO1990)

*Attorneys for Defendant*
1185 Avenue of the Americas, Third Floor
New York, New York 10036

265 Sunrise Highway, Suite 50
Rockville Centre, New York 11570

---

[2] Defendant estimates attorneys' fees of approximately $15,000 for the preparation and submission of its opposition to the request for reconsideration and this reply, calculated by the same lodestar method as above, and can provide further detail to the Court upon request.
[3] The Court may exercise its discretion through either 28 U.S.C. § 1927 or its inherent power to impose a fee award on Plaintiff and his counsel, jointly and severally, finding that Plaintiff's counsel unreasonably litigated this case and exhibited sanctionable behavior.