UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MICHAEL BARRETT BOESEN,                                                :    20-CV-1552 (ARR) (SIL)
:
                          *Plaintiff*,                                 :    <u>NOT FOR ELECTRONIC</u>
:    <u>OR PRINT PUBLICATION</u>
       -against-                                                       :
:
UNITED SPORTS PUBLICATIONS, LTD.,                                      :    **OPINION & ORDER**
:
                          *Defendant*.                                 :
:
-----------------------------------------------------------------------X

ROSS, United States District Judge:

In this copyright infringement action, defendant, United Sports Publications, Ltd., moves for attorneys' fees under 17 U.S.C. § 505. Def.'s Mot. Attorneys' Fees ("Def.'s Mot."), ECF No. 32. Plaintiff, Michael Barrett Boesen, opposes, arguing that although defendant prevailed, a fee award in its favor would not advance the purposes of the Copyright Act. Pl.'s Opp'n, ECF No. 37. For the following reasons, I deny defendant's motion.

## BACKGROUND

Plaintiff is a Danish photographer who took a picture of professional tennis player Caroline Wozniacki when she was young. *Boesen v. United Sports Publ'ns, Ltd.*, No. 20-CV-1552 (ARR) (SIL), 2020 WL 6393010, at *1 (E.D.N.Y. Nov. 2, 2020), *recons. denied*, 2020 WL 7625222 (E.D.N.Y. Dec. 22, 2020). Ms. Wozniacki used this photo in an Instagram post announcing her retirement from professional tennis. *Id.* That same day, defendant, a sports news publisher, embedded that Instagram post in an article on the Long Island Tennis Magazine website reporting on Ms. Wozniacki's retirement announcement. *Id.* at *1–2.

Plaintiff brought this action for copyright infringement on March 25, 2020, alleging that

1

defendant did not have permission to use his photograph. Compl., ECF No. 1. Plaintiff also brought three similar lawsuits against other media companies in the Southern and Northern Districts of New York.[1] Two settled.[2] A second default judgment motion remains pending in the third.[3]

Defendant submits that plaintiff never served a pre-suit demand before filing the instant lawsuit. Def.'s Mot. 1. Defendant also claims that plaintiff never contacted Ms. Wozniacki or Instagram to remove the photograph. *Id.* at 7–8. Nevertheless, on July 15, 2020, the same day defendant answered the original complaint, it offered plaintiff a Rule 68 judgment of $1,001, which plaintiff did not accept. *Id.* at 9; Rule 68 Offer, ECF No. 22-3; Answer, ECF No. 7. Defendant claims plaintiff never presented a written settlement offer but demanded a $25,000 fee by phone. Def.'s Mot. 9.

Unable to reach an agreement, defendant moved to dismiss the case for failure to state a claim under the Copyright Act, arguing that the fair use defense protected its unlicensed use of plaintiff's photograph. Def.'s Mot. Dismiss 5–13, ECF No. 22. On November 2, 2020, I granted defendant's motion and dismissed the case. *See Boesen*, 2020 WL 6393010, at *7. I found that plaintiff's embedding of Ms. Wozniacki's Instagram post in an article reporting on the post itself resembled traditional examples of fair use. *Id.* at *3–4. In doing so, I relied partly on the district

---

[1] *See* Compl., *Boesen v. Am. Broad. Cos.*, No. 20-CV-1270 (AT) (S.D.N.Y. Feb. 13, 2020), ECF No. 1; Compl., *Boesen v. Dimoro Enters., LLC*, No. 20-CV-354 (FJS) (CFH) (N.D.N.Y. Mar. 31, 2020), ECF No. 1; Compl, *Boesen v. Insider, Inc.*, No. 20-CV-4028 (JPO) (SLC) (S.D.N.Y. May 25, 2020), ECF No. 1.

[2] *See* Notice of Settlement, *Boesen v. Am. Broad. Cos.*, No. 20-CV-1270 (AT) (S.D.N.Y. Apr. 4, 2020), ECF No. 9; Minute Entry, *Boesen v. Insider, Inc.*, No. 20-CV-4028 (JPO) (SLC) (S.D.N.Y. Sept. 22, 2020).

[3] *See* Second Mot. Default J., *Boesen v. Dimoro Enters., LLC*, No. 20-CV-354 (FJS) (CFH) (N.D.N.Y. Nov. 3, 2020), ECF No. 17; *see also Boesen v. Dimoro Enters., LLC*, No. 20-CV-354 (FJS) (CFH), 2020 WL 5891563, at *2 (N.D.N.Y. Oct. 5, 2020) (denying first motion for default judgment).

court's opinion in *Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570 (S.D.N.Y. 2020), that presented similar facts. I denied a motion to reconsider my opinion on December 22, 2020. *Boesen v. United Sports Publ'ns, Ltd.*, No. 20-CV-1552 (ARR) (SIL), 2020 WL 7625222, at *4 (E.D.N.Y. Dec. 22, 2020).

Defendant moved for attorneys' fees on November 17, 2020. Def.'s Mot. Plaintiff opposed on January 18, 2021, Pl.'s Mot., and defendant replied on January 22, 2021, Def.'s Reply, ECF No. 38.

## LEGAL STANDARD

Section 505 of the Copyright Act provides that a district court "may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. This provision "grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). "[A] district court may not award[] attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment." *Id.* (citation and quotation marks omitted).

"There is no precise rule or formula for making these determinations," but the Supreme Court has identified four non-exclusive factors to consider: (1) "objective unreasonableness (both in the factual and in the legal components of the case)"; (2) "frivolousness"; (3) "motivation"; and (4) "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436–437 (1983); *Lieb v. Topstone Indus., Inc.* 788 F.2d 151, 156 (3d Cir. 1996)). "[A] court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Kirtsaeng*, 136 S. Ct.

3

at 1985 (citation and quotation marks omitted).

## DISCUSSION

Defendant argues it is entitled to attorneys' fees because plaintiff's litigation position was objectively unreasonable, frivolous, and improperly motivated. Def.'s Mot. 5–9. Additionally, defendant alleges that this lawsuit is part of plaintiff's counsel's overall scheme to abuse the economics of copyright litigation, warranting a fee award for purposes of deterrence. *Id.* at 10–11. Plaintiff contests defendant's assessment of the merits of this case and defends his counsel's efforts to "vindicat[e] the public interest by ensuring that a proper licensing market exists for the work of photographers." Pl.'s Opp'n 9–23. While I find the motivation and compensation-and-deterrence factors favor defendant, I deny defendant's motion for attorneys' fees because plaintiff's lawsuit was objectively reasonable and non-frivolous.

### I. Objective Unreasonableness

In determining whether to award attorneys' fees to a prevailing party, objective unreasonableness "carries significant weight," but it is not the "controlling" factor. *Kirtsaeng*, 136 S. Ct. at 1988. A lawsuit or litigation position is objectively reasonable if it has "a reasonable basis in law and fact." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014). Conversely, a lawsuit or litigation position is objectively unreasonable if it has "no legal or factual support." *Hughes v. Benjamin*, No. 17-CV-6493 (RJS), 2020 WL 4500181, at *3 (S.D.N.Y. Aug. 5, 2020) (citation omitted). Just because a claim is dismissed under Rule 12(b)(6) does not mean it was objectively unreasonable. *See Yang v. Mic Network, Inc.*, No. 18-CV-7628 (AJN), 2020 WL 6562403, at *3 (S.D.N.Y. Nov. 9, 2020). Rather, "[a] party's 'good faith decision to litigate complex or undecided issues of law is not objectively unreasonable.'" *ABKCO Music, Inc. v. Sagan*, No. 15-CV-4025 (ER), 2021 WL 761852, at *7 (S.D.N.Y. Feb. 26, 2021) (quoting

4

*Psihoyos v. John Wiley & Sons, Inc.*, No. 11-CV-1416 (JPO), 2013 WL 1285153, at *3 (S.D.N.Y. Mar. 29, 2013)).

Here, the parties did not dispute that plaintiff made a *prima facie* case for copyright infringement. Def.'s Mot. Dismiss 5. Rather, defendant's motion to dismiss turned on whether defendant's use of plaintiff's photograph was fair. *Id.* at 5–13. In its attorneys' fees brief, defendant does little to challenge the merits of plaintiff's particular arguments against fair use. Instead, it claims that my "determination that the fair use defense readily applied on a Motion to Dismiss is complete and compelling evidence that Plaintiff's claim" was objectively unreasonable. Def.'s Mot. 7.[4] But a "lack of success on the merits, without more, does not establish that the non-prevailing party's position was objectively unreasonable." *Overseas Direct Imp. Co. v. Family Dollar Stores Inc.*, No. 10-CV-4919 (JGK), 2013 WL 5988937, at *2 (S.D.N.Y. Nov. 12, 2013). "[T]he applicability of the fair use defense is a complex, fact-driven inquiry . . . ." *Otto v. Hearst Commc'ns, Inc.*, No. 17-CV-4712 (GHW), 2020 WL 377479, at *3 (S.D.N.Y. Jan. 23, 2020), *recons. denied*, 2020 WL 1033355 (S.D.N.Y. Mar. 3, 2020). The instant case required applying traditional principles of fair use to a relatively novel factual context: embedding an Instagram post featuring a copyrighted image in reporting on the post itself. Given this context, plaintiff's arguments were merely untried, not unreasonable.

Nevertheless, defendant claims "the fair use at issue here is no longer novel or unsettled," citing to three district courts in this circuit that have addressed fair use in the context of social media. Def.'s Reply 3–4. But only one of these courts applied the fair-use test to facts resembling

---

[4] On reply, defendant objects to plaintiff's equating the Instagram post to a "composite screenshot" and suggests that the photograph was not "timely registered" in the U.S. Copyright Office. Def.'s Reply 2. But defendant neglects to argue why either of those positions lacks factual or legal support.

5

those at issue here. *See Walsh*, 464 F. Supp. 3d at 580–86. Additionally, not one of these opinions is binding precedent, and three district-court decisions do not create a consensus. *See* Order 12–13, *Rudkowski v. MIC Network, Inc.*, No. 17-CV-3647 (DAB) (S.D.N.Y. Sept. 6, 2018), ECF No. 36 (denying attorneys' fees where there was "no Second Circuit case law directly addressing" the claim at issue and because "Plaintiff [had] made a reasonable argument for the extension" of binding precedent). Because existing precedent left "an opening . . . through which [plaintiff's] arguments could be squeezed," *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, No. 16-cv-7634 (JMF), 2018 WL 357298, at *2 (S.D.N.Y. Jan. 10, 2018) (citation omitted), in the novel context presented, I cannot find that plaintiff's claim had "no legal or factual support," *Hughes*, 2020 WL 4500181, at *3. Thus, I find this factor favors plaintiff.

## II. Frivolousness

The test for frivolousness largely duplicates that of objective unreasonableness. *See TCA Television Corp. v. McCollum*, No. 15-CV-4325 (GBD) (JCF), 2017 WL 2418751, at *14 (S.D.N.Y. June 5, 2017) ("Cases indicate . . . that frivolousness is a particularly intense form of objective unreasonableness."), *R&R adopted*, 2018 WL 2932724 (S.D.N.Y. June 12, 2018). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also TufAmerica Inc. v. Diamond*, No. 12-CV-3529 (AJN), 2018 WL 401510, at *3 (S.D.N.Y. Jan. 12, 2018).

For the same reasons I find plaintiff's claim not to have been objectively unreasonable, I also find it not to have been frivolous. Thus, this factor too favors plaintiff.

## III. Motivation

"The presence of improper motivation in bringing a lawsuit or other bad faith conduct weighs heavily in favor of an award of costs and fees." *Ariel(UK) Ltd. v. Reuters Grp. PLC*, No.

6

05-CV- 9646 (JFK), 2007 WL 194683, at *4 (S.D.N.Y. Jan. 24, 2007) (citing *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 125–27 (2d Cir. 2001)); *see also Hughes*, 2020 WL 4500181, at *4. One example of improper motivation is "gambl[ing] on an unreasonable legal theory in order to achieve a secondary gain," such as "the leveraging of a settlement." *Torah Soft Ltd. v. Drosnin*, No. 00-CV-5650 (JCF), 2001 WL 1506013, at *5 (S.D.N.Y. Nov. 27, 2001); *see also Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98-CV-7128 (BSJ), 2003 WL 1701904, at *5 (S.D.N.Y. Mar. 31, 2003) ("Plaintiff's conduct was nothing more than an obvious effort to use the Copyright Act to secure payment from Defendants for their fair use of the film footage. As such, Plaintiff's motivation was improper . . . .").

Defendant identifies several litigation tactics it argues show plaintiff's improper motivation: (1) plaintiff made no pre-filing demand on defendant; (2) plaintiff shared the contested photograph on social media and his website; (3) plaintiff appears not to have filed a claim with Instagram to remove the photograph; (4) plaintiff appears not to have challenged Ms. Wozniacki's use of the photograph; (5) plaintiff filed several similar claims against media companies in other districts; (6) plaintiff never made a written settlement demand but instead requested $25,000 by phone; (7) plaintiff ignored defendant's Rule 68 offer; and (8) plaintiff refused to consent to staying discovery pending the outcome of defendant's motion to dismiss. Def.'s Mot. 7–9.

Some of these acts appear to imply improper motivation. First, plaintiff's approach to settlement was disingenuous. Even though I dismissed plaintiff's claim, plaintiff would not have recovered much in monetary damages if he had succeeded. Plaintiff admitted that he was only seeking actual damages under 17 U.S.C. § 504(b). Pl.'s Opp'n Mot. Dismiss 25. Punitive damages and attorneys' fees were likely barred under 17 U.S.C. § 412. *See* Def.'s Mot. Dismiss 14. The record does not elucidate what plaintiff would have sought in actual damages here, but in a nearly

7

identical case, plaintiff sought $5,000 in actual damages when the defendant defaulted—$2,500 for lost licensing fees and $2,500 for the defendant's profits. *Dimoro Enters.*, 2020 WL 5891563, at *3. But the court found plaintiff lacked evidence for those estimates. *Id.* at *3–4. Moreover, courts have awarded similar photographers around $1,500 per image in other cases litigated by plaintiff's counsel. *See, e.g.*, *Cuffaro v. Fashionisto LLC*, No. 19-CV-7265 (GBD) (KHP), 2020 WL 5077449, at *5 (S.D.N.Y. July 9, 2020) (awarding $1,500 in actual damages), *R&R adopted*, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020); *Terry v. Masterpiece Advert. Design*, No. 17-CV-8240 (NRB), 2018 WL 3104091, at *4 (S.D.N.Y. June 21, 2018) (awarding $1,560 in actual damages). Given these comparators, defendant's Rule 68 offer of $1,001 was reasonable, and plaintiff's informal request for a $25,000 settlement was not. By pushing toward litigation, plaintiff seems to have been trying to squeeze defendant for a greater settlement than he could have achieved through a court order.

Second, plaintiff's choice to file multiple lawsuits against media companies that embedded Ms. Wozniacki's Instagram post instead of contacting Ms. Wozniacki or Instagram to remove the contested photograph was calculated. Plaintiff's counsel "has gained a reputation for bringing large quantities of strike suits, including frivolous copyright claims, in an effort to cajole defendants into settlements." *Yang*, 2020 WL 6562403, at *4. While I already have determined that plaintiff's claim was not frivolous, he did succeed in obtaining at least two settlements in copycat lawsuits, reflecting a deliberate plan to maximize revenue from the photograph's appearance in Ms. Wozniacki's Instagram post. *See supra* note 2.

For these reasons, this factor leans slightly toward defendant.

**IV.    Compensation and Deterrence**

"Compensation and deterrence . . . exist for the dual purposes of incentivizing parties with

8

strong claims to litigate them and deterring parties with weak claims from embarking on wasteful litigation." *Hughes*, 2020 WL 4500181, at *4. "[F]ee awards under § 505 should encourage the types of lawsuits that promote" the Copyright Act's goals of "encouraging and rewarding [artists'] creations while also enabling others to build on that work." *Kirtsaeng*, 136 S. Ct. at 1986. "Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty*, 510 U.S. at 527. But "fee-shifting will [not] necessarily, or even usually, encourage parties to litigate those cases to judgment. Fee awards are a double-edged sword: They increase the reward for a victory—but also enhance the penalty for a defeat. And the hallmark of hard cases is that no party can be confident if he will win or lose." *Kirtsaeng*, 136 S. Ct. at 1987.

Defendant argues that a fee award in this case would motivate media companies to pursue meritorious fair use defenses because otherwise "it generally does not make economic sense for a defendant to defend a claim such as this." Def.'s Mot. 10–11. This is a strong argument for the need for compensation in this case. While similarly situated defendants in the other three similar lawsuits either settled or failed to appear, because plaintiff would not engage in reasonable settlement negotiations here, defendant "had no choice but to engage counsel and expend resources to effect the dismissal of [plaintiff's] claims." *Baker v. Urb. Outfitters, Inc.*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007). Defendant's efforts led to the case's dismissal, but only after many attorney hours were spent.

Defendant also presents a strong argument for the need for deterrence. Plaintiff's counsel routinely capitalizes on the lopsided economic incentives in copyright cases. A court in the Southern District of New York recently found that a fee award against plaintiff's counsel was

9

justified "to deter counsel from bringing unreasonable claims based on a cost/benefit analysis that . . . they can score big if they win and that there will be no adverse consequences if they lose." *Bechler v. MVP Grp. Int'l, Inc.*, No. 16-CV-8837 (LAP), 2021 WL 848024, at *7 (S.D.N.Y. Mar. 5, 2021) (quotation marks omitted); *cf. Charles v. Seinfeld*, No. 18-CV-1196 (AJN), 2021 WL 761851, at *4 (S.D.N.Y. Feb. 26, 2021) ("[T]he prospect of a huge payday may entice litigants to pursue claims with little or no merit. Substantial deterrence is needed to counterbalance these incentives."). While I found that plaintiff's claim was not objectively unreasonable, plaintiff's counsel's failure to pursue an appropriate settlement aligned with their history of misconduct in federal court. *See, e.g.*, *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661, at *22–27 (S.D.N.Y. June 26, 2020).

For these reasons, the need for compensation and deterrence favors defendant.

### V. Weighing All Factors

I have found that two factors, objective unreasonableness and frivolousness, favor plaintiff, and two factors, motivation and compensation and deterrence, favor defendant. While I have some concerns about plaintiff's motivation and plaintiff's counsel's broader approach to copyright litigation, the objective reasonableness and non-frivolousness of plaintiff's claim *in this case* outweigh those considerations. *See Yang*, 2020 WL 6562403, at *4. This is especially true given that objective unreasonableness "carries significant weight." *Kirtsaeng*, 136 S. Ct. at 1988; *see also Matthew Bender & Co.*, 240 F.3d at 122 ("[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."). Therefore, on balance, I find attorneys' fees inappropriate.

## CONCLUSION

For the foregoing reasons, I deny defendant's motion for attorneys' fees.

SO ORDERED.

                                                                           \_\_\_\_/s/_____
                                                                           Allyne R. Ross
                                                                           United States District Judge

Dated:        March 25, 2021
                Brooklyn, New York